# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTONELLO BOLDRINI, | : | CIVIL ACTION NO. 3:13-CV-2896 |
|---|---|---|
| Plaintiff | : | Judge Caputo |
| v. | : | Magistrate Judge Blewitt |
| FREDERICK J. AMMERAMN, et al., | : | |
| Defendants | : | |

FILED SCRANTON DEC 04 2013 PER ___ DEPUTY CLERK

## MEMORANDUM AND ORDER

On December 2 2013, Plaintiff Antonello Boldrini, a citizen of Italy and a permanent resident alien of the United States, living at 81 Frothingham Street, Pittston Township, Luzerne County, Pennsylvania, filed, *pro se*, another action with this Court.[1] (Doc. 1). Plaintiff states his instant Complaint is filed pursuant to 42 U.S.C. § 1985 and 28 U.S.C. §1331, for violations of his constitutional rights under the Fifth and Fourteenth Amendments. Plaintiff appears to also be filing his Complaint under 42 U.S.C. §1983. Plaintiff also indicates that he is raising federal

---

[1]Plaintiff Boldrini has filed other actions with this Court. *See Boldrini v. Ponce*, Civil No. 10-2065, M.D. Pa.; *Boldrini v. Bruno*, Civil No. 11-1401, M.D. Pa.; *Boldrini v. Wilson*, Civil No. 11-1771, M.D. Pa. Further, Plaintiff recently filed a civil rights with this Court on September 30, 2013. *Boldrini v. Wetzel*, Civil No. 13-2485, M.D. Pa. In his 13-2485 case, Plaintiff was directed to file an Amended Complaint but to date, he had not filed it.

Plaintiff's case in *Boldrini v. Ponce* was dismissed on January 19, 2011, by this Court. Plaintiff's claims in *Boldrini v. Ponce*, Civil No. 10-2065, a civil rights action pursuant to 42 U.S.C. § 1983 in which Plaintiff raised several constitutional claims, were similar to the constitutional claims he raised in another §1983 case, *Boldrini v. Wilson*, Civil No. 11-1771. Plaintiff's cases in *Boldrini v. Ponce*, Civil No. 10-2065 and *Boldrini v. Wilson*, Civil No. 11-1771 were closed by the Court.

Also, Boldrini's Civil No. 11-1401 medical malpractice case against Dr. Bruno was dismissed on November 23, 2011, after we issued a Report and Recommendation recommending that the case be dismissed with prejudice and after Plaintiff filed a request to discontinue his case.

criminal violations under Title 18.² Plaintiff's Complaint consists of 13 typed pages with an attached Declaration under penalty of perjury and an Exhibit, a copy of the PA State Police criminal history record information for Plaintiff regarding g November 2004 criminal offenses. Plaintiff paid the filing fee.

In his Complaint, Plaintiff names 34 Defendants, including John Doe Defendants. To date, the Clerk of Court has not issued the Summons. Since it is apparent on the face of Plaintiff's Complaint that it is not a proper pleading and that jurisdiction of this Court may be lacking over several Defendants, we issue this Order directing Plaintiff to file an Amended Complaint.³ See Ruddy v. Mastercard, Civil No. 12-2376, M.D. Pa.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002)(citing Club Comanche,

---

²As we advised Plaintiff in his 13-2485 case, to the extent that Plaintiff is again asking this Court to file federal criminal charges and initiate criminal prosecution against Defendants, this Court cannot grant as relief in the present case the initiation of federal criminal prosecution. The Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so. See Conception v. Resnik, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action. See Matthews v. Villella, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); Banks v. U.S. Attorney, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to arrest, prosecute and punish Defendants for their alleged unconstitutional and criminal behavior, this request is subject to dismissal with prejudice. See Ross v. Pennsylvania Bd. of Probation and Parole, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

³It also appears from the face of Plaintiff 's Complaint that several Defendants may not be state actors, that some Defendants may be entitled to immunity with respect to Plaintiff's claims for money damages, and that he has not properly stated a conspiracy claim under §1985(3) against any Defendant. Also, some Defendants are not located in the Middle District of PA. Further, several of Plaintiff 's claims appear to be time barred.

Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

Furthermore, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

Initially, similar to Plaintiff 's 13-2485 case, we find that Plaintiff's Complaint states the names, positions and addresses of his numerous Defendants, and then simply states various causes of actions without any averments and without numbered paragraphs. (Doc. 1, pp. 11-12). In fact, Plaintiff recognizes that he has failed to state any proper allegations against Defendants, but he states that he will subsequently "file all details of the allegation (sic) necessary for this Complaint." (Doc. 1, p. 11). Plaintiff indicates that he is only filing a summary of his Complaint in order to toll the statute of limitations. In Plaintiff 's 13-2485 case, we advised Plaintiff that such a Complaint did not meet the pleading requirements under the Federal Rules

of Civil Procedure. Thus, Plaintiff is well aware of the pleading requirements in federal court.

In this Order, we will be directing Plaintiff to file an Amended Complaint.

As stated, Plaintiff's original Complaint does not properly state a cognizable claim against any Defendant. For the most part, Plaintiff merely states the names, titles and addresses of each one of his Defendants in his Complaint.

We forewarn Plaintiffs that insofar as he names state court judges, prosecutors and official of the state court system, and insofar as Plaintiff is seeking monetary damages, these Defendants appear to be entitled to immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Clark v. Conahan*, 737 F.Supp. 2d 239, 255-56 (M.D. Pa. 2010); *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F.Supp. 2d 672, 696 W.D. Pa. 2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Further, Plaintiff's criminal defense attorneys are not considered state actors. *See Polk v. County of Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).

Additionally, many of Plaintiff 's claims appear to be time barred. The applicable statute of limitations in a §1983 civil rights action in Pennsylvania is two years, as the statute of limitations for § 1983 claims is typically governed by the statute of limitations that applies to personal injury tort claims in the state in which the claims arise. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (holding that "[t]he statute of limitations period for § 1983 claim arising in Pennsylvania is two years.").

Moreover, the dates of Plaintiff's claims are not clear and there are insufficient allegations as to the personal conduct of each named Defendant which amounted to constitutional violations.

We will issue this Order directing Plaintiff to file an Amended Complaint by December 23, 2013, because Plaintiff has failed to sufficiently allege personal involvement of any of the named Defendant and because his original Complaint is in clear violation of Federal Rule of Civil Procedure 8(a) and the standards required to state a claim under 42 U.S.C. § 1983. (Doc. 1).

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in

alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court cited *Iqbal*:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fails because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill*, 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224,

> 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly*, 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

See *Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

In light of the aforementioned requirements of both § 1983 and *Iqbal*, we find that Plaintiff's Complaint is completely lacking in sufficient allegations as to all Defendants and what these Defendants personally did to violate any of Plaintiff's constitutional rights.

It is clear from reading Plaintiff's original Complaint that he does not properly allege how each Defendant was personally involved in any of Plaintiff's constitutional violation claims. Nor is it clear what constitutional rights Plaintiff is alleging were violated by which Defendants, what the conduct of each Defendant was that lead to the constitutional violation, and the dates of the violations. Further, Plaintiff has failed to set forth his Complaint in numbered paragraph stating his claims in an understandable fashion. Therefore, Plaintiff has failed to file a proper pleading. We also find that Plaintiff failed to sufficiently state any constitutional claims in accordance with 42 U.S.C. § 1983 against all of the named Defendants. Additionally, Plaintiff has not stated a proper claim under §1985. See *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010).

Moreover, as noted, it appears that venue with respect to some of Plaintiff 's claims may not be appropriate in this Court.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[4] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and

---

[4]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of Defendants about which Plaintiff is complaining.

Accordingly, Plaintiff will be directed to file an Amended Complaint. Plaintiff is also reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). If Plaintiff fails, within the applicable time period, to file his Amended Complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

An appropriate Order will be issued.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: December 4, 2013