**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | CIVIL ACTION NO. 3:13-CV-2896 |
| | : | |
| Plaintiff | : | Judge Caputo |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| FREDERICK J. AMMERMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On December 2  2013, Plaintiff Antonello Boldrini, a citizen of Italy and a permanent

resident alien of the United States, living at 81 Frothingham Street, Pittston Township, Luzerne

County, Pennsylvania, filed, *pro se*, another action with this Court.[1]   (Doc. 1). Plaintiff stated

---

[1]Plaintiff Boldrini has filed other actions with this Court. *See Boldrini v. Ponce*, Civil No. 10-2065, M.D. Pa.;  *Boldrini v. Bruno*, Civil No. 11-1401, M.D. Pa.; *Boldrini v. Wilson*, Civil No. 11-1771, M.D. Pa.  Further, Plaintiff recently filed a civil rights with this Court on September 30, 2013.  *Boldrini  v. Wetzel*, Civil No. 13-2485, M.D. Pa.  In his 13-2485 case, Plaintiff filed an Amended Complaint.  On January 15, 2014, we issued an R&R and recommended that Plaintiff Boldrini's Amended Complaint be dismissed with prejudice in its entirety as against all Defendants.   Further, we recommended that this case be closed. To date, the Court has not ruled on our R&R since Plaintiff was granted an extension of time to file objections to it.
    Plaintiff's case in *Boldrini v. Ponce* was dismissed on January 19, 2011, by  this Court. Plaintiff's claims in *Boldrini v. Ponce*, Civil No. 10-2065, a civil rights action pursuant to  42 U.S.C. § 1983 in which Plaintiff raised several constitutional claims, were similar to the constitutional claims he raised in another §1983 case,  *Boldrini v. Wilson*, Civil No. 11-1771. Plaintiff's cases in *Boldrini v. Ponce*, Civil No. 10-2065 and *Boldrini v. Wilson*, Civil No. 11-1771 were closed by the Court.  In his present case, Plaintiff indicates on his civil cover sheet that it is related to his *Boldrini v. Ponce*, Civil No. 10-2065, and *Boldrini v. Wilson*, Civil No. 11-1771, cases.  (Doc. 1-1).  In fact, as discussed in the present R&R, we find that Plaintiff is attempting to re-assert many of his claims which were already dismissed by this Court in his *Boldrini v. Ponce*, Civil No. 10-2065, and *Boldrini v. Wilson*, Civil No. 11-1771, cases.
    Also, Boldrini's Civil No. 11-1401 medical malpractice case against Dr. Bruno was

that his original Complaint was filed pursuant to 42 U.S.C. § 1985 and 28 U.S.C. §1331, for

violations of his constitutional rights under the Fifth and Fourteenth Amendments.  Plaintiff also

appeared to be filing his Complaint under 42 U.S.C. §1983.  Plaintiff further indicated that he

was raising federal criminal violations under Title 18.[2]  Plaintiff indicated on his civil cover sheet

that his present case was also filed, in part, under 18 U.S.C. §§241-242.  (Doc. 1-1).

As noted, Plaintiff indicated on his civil cover sheet that the instant case was related to

his *Boldrini v. Ponce*, Civil No. 10-2065, and *Boldrini v. Wilson*, Civil No. 11-1771, cases.  Also

as noted, we find that Plaintiff is trying to re-litigate  in his present case many of his claims he

raised in his  *Boldrini v. Ponce*, Civil No. 10-2065, and *Boldrini v. Wilson*, Civil No. 11-1771,

M.D.Pa., cases. In fact, Plaintiff states in his filings in the present case that he is trying to find

new evidence to re-assert his claims raised in his Civil No. 11-1771 case based on his so-called

_____

dismissed on November 23, 2011, after we issued a Report and Recommendation
recommending that the case be dismissed with prejudice and after Plaintiff filed a request to
discontinue his case.


[2]As we advised Plaintiff in his 13-2485 case, to the extent that Plaintiff is again asking this
Court to file federal criminal charges and initiate criminal prosecution against Defendants, this
Court cannot grant as relief in the present case the initiation of federal  criminal prosecution.
The Third Circuit has held that a private person could not impose criminal liability on a
defendant because he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699,
*2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority
to grant Plaintiff relief with respect to alleged criminal conduct in this action.   *See Matthews v.
Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-
10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.  Thus, insofar as Plaintiff is seeking this
Court to arrest, prosecute and punish Defendants for their alleged unconstitutional and criminal
behavior, this request is subject to dismissal with prejudice.  *See Ross v. Pennsylvania Bd. of
Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012).

2

new evidence.   As discussed, Plaintiff 's so-called new evidence was already considered by this Court and the Third Circuit Court in Plaintiff's *Boldrini v. Wilson*, Civil No. 11-1771, case.

Plaintiff's original Complaint in the present case consisted of 13 typed pages with an attached Declaration under penalty of perjury and an Exhibit, namely, a copy of the PA State Police criminal history record information for Plaintiff regarding  November 2004 criminal offenses.  Plaintiff paid the filing fee in the present case.

In his original Complaint, Plaintiff named 34 Defendants, including John Doe Defendants.  To date,  the Clerk of Court has not issued the Summons with respect to Plaintiff's original Complaint.  It was apparent on the face of Plaintiff's original Complaint that it was not a proper pleading, that the claims were time barred, and that jurisdiction of this Court may be lacking over several Defendants.  Thus, we issued a Memorandum and Order on December 4, 2013, directing Plaintiff to file an Amended Complaint.[3]  (Doc. 2).  *See Ruddy v. Mastercard*, Civil No. 12-2376, M.D. Pa.

We granted Plaintiff's three (3) Motions for Extensions of Time to file his Amended Complaint and directed that it be filed by March 28, 2013. (Docs. 4-9).  On March 28, 2014, Plaintiff filed an "Emergency Motion" for a 2-day Extension of Time to file his Amended Complaint by March 31, 2014.  **(Doc. 10).**  We will recommend that the Court grant Plaintiff's

---

[3]It also appeared from the face of Plaintiff's his original Complaint that several Defendants were not state actors, that some Defendants may be entitled to immunity with respect to Plaintiff's claims for money damages, and that Plaintiff did not properly state a conspiracy claim under §1985(3) against any Defendant.  Also, many Defendants were not located in the Middle District of PA.  Further, as stated above, several of Plaintiff's claims appeared to be time barred.

Doc. 10 Motion.

Plaintiff filed his Amended Complaint on March 31, 2014. **(Doc. 11).** Plaintiff states that his Amended Complaint is filed pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 1985(2) and (3), for "committ[ing] intentional tort (sic) by maliciously abused (sic) process [,] obstructed justice and deprived [Plaintiff's] dignity[,] freedom, property, life, rights and equal protection of law under the [Fourth, Fifth and Fourteenth Amendments] to the U.S. Constitution." (Doc. 11, p. 4).   Plaintiff also attempts to raise civil RICO claims under 18 U.S.C. §1961, *et seq*. Plaintiff's Amended Complaint consists of 24 typed pages with an attached Declaration under penalty of perjury and two Exhibits, a copy of Probation/Parole Information with respect to a DNA database sample collected from Plaintiff and a copy the March 16, 2012, PA State Police ("PSP") Expungement of Plaintiff's criminal history record regarding November 2004 criminal offenses filed against Plaintiff for theft by deception and deceptive business practices.  It is indicated that Plaintiff was arrested on the stated charges by the PA State Police in DuBois, PA, on October 7, 2008.  (Doc. 11, pp. 26-28).  It is also indicated that Plaintiff's criminal history record was expunged since Plaintiff successfully completed the conditions of the ARD program.

In his Amended Complaint, Plaintiff names  32 individual Defendants, including John Doe Defendants, as well as Defendants which are Auto Centers and Collision repair companies.  To date,  the Clerk of Court has not issued the Summons with respect to Plaintiff's Amended Complaint.   It is apparent that Plaintiff filed his Amended Complaint in large part to again challenge the constitutionality of his arrest on criminal  charges filed by the PA State Police in DuBois, Clearfield County, PA.

In his Amended Complaint, Plaintiff states that on December 16, 2008, he was kidnaped by officers of the PSP when he arrived at the Philadelphia International Airport, regarding the criminal charges filed against him the PA State Police in DuBois, Clearfield County, PA. Plaintiff names as Defendants in his Amended Complaint any and all persons who were in any way associated with his 2008 criminal prosecution, including PSP officers, County Court Judges, Magisterial District Judges,  prosecutors, defense counsel, victims, court reporters, probation officers, PA Crime Stoppers, officials of the Clearfield County Prison, officials of Delaware County, PA. Plaintiff also names as Defendants all persons involved in his arrest at the airport and his transportation to various prisons as well as the PSP Barracks in DuBois. Additionally, Plaintiff names as Defendants any persons who were associated with his transportation in December 2008, from the airport to confinement in the Clearfield County Jail.

As discussed below, we find that Plaintiff's claims are all time barred and that several Defendants are entitled to immunity regarding his requests for damages.  Further, many Defendants are not located in the Middle District of Pennsylvania.  We also find that Plaintiff is simply trying to re-assert his claims regarding his criminal prosecution, against many of the same Defendants, which were dismissed by this Court in his prior cases, namely, *Boldrini v. Wilson*, Civil No. 11-1771, and *Boldrini v. Ponce*, Civil No. 10-2065. As such, we will recommend that the Court dismiss Plaintiff's instant Amended Complaint in its entirety with prejudice.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. See *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)(citing *Club Comanche,*

*Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

Furthermore, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

Moreover, the Court can *sua sponte* dismiss Plaintiff's constitutional and state law claims which are time barred by the applicable two-year statute of limitations since his pleadings and his allegations make clear that these claims are time barred.  *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10).

## II.    STANDARDS OF REVIEW.

### A.    *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color

6

of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); see *also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

7

> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

### B.     *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate
> standard applicable to a motion to dismiss in light of the United States
> Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S.
> 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).
> "[T]o survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true to 'state a claim that relief is plausible
> on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at
> 570). The Court emphasized that "only a complaint that states a
> plausible claim for relief survives a motion to dismiss." *Id.* at 1950.
> Moreover, it continued, "[d]etermining whether a complaint states a
> plausible claim for relief will ... be a context-specific task that requires
> the reviewing court to draw on its judicial experience and common
> sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521,
> 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly*
> and *Iqbal* in detail and provided a road map for district courts
> presented with a motion to dismiss for failure to state a claim in a case
> filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578
> F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual
> and legal elements of a claim should be separated. The District Court
> must accept all of the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a

District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## III.    DISCUSSION.

As mentioned, Plaintiff states that his instant civil rights action against his numerous Defendants, including state court judicial officers (Defendants Nos. 1, 2, & 12) and their staff (Defendants Nos. 6, 10, & 21-22), his criminal defense counsel, as well as PSP officers and state prosecutors, is based on Defendants' alleged vast and far-reaching conspiracy, commencing with a criminal investigation in 2004-2005 and continuing through his December 2008 arrest and his subsequent prosecution.  Plaintiff states that Defendants all conspired to deprive him of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. §1983 and, § 1985(2) and (3). Neither Plaintiff's original Complaint nor his Amended Complaint are models of clarity.  In fact, Plaintiff's lengthy Amended Complaint, with many

single spaced paragraphs, is very difficult to comprehend and, it contains rambling allegations and incomplete sentences. Indeed, Plaintiff's Amended Complaint is largely unintelligible. (*See* Doc. 11, pp. 16-21).

Specifically, Plaintiff states that he filed his instant action against Defendants for "committ[ing] intentional tort (sic) by maliciously abused (sic) process [,] obstructed justice and deprived [Plaintiff's] dignity[,] freedom, property, life, rights and equal protection of law ... ." (Doc. 11, p. 4). Plaintiff avers that in 2004 and 2005, his international automobile paint spray booth company entered contracts with the Defendants named herein (Defendant Nos. 16-19), who are owners of companies regarding the sales and service of automobiles, to supply them with spray booths. Plaintiff then states that contract disputes arose between his company and the companies owned by these Defendants. (*Id.*, p. 14). As a result of these contract disputes, Plaintiff alleges that the stated Defendants contacted the law enforcement Defendants named herein, including PSP officers, and that all of these Defendants, including judges, then conspired to unlawfully prosecute him and confine him in prison. Plaintiff also avers that Defendants slandered him in October 2008, on Defendant PA Crime Stoppers web site. (*Id.*, p. 15).

Further, Plaintiff avers that "on December 16, 2008[,] at the Philadelphia Airport without warrant and without probably (sic) cause [Defendants] kidnapped (sic) [him] in order to force him to pay money." Plaintiff then states that Defendants abused the court process and "us[ed] the court system to coerce [him] to need (sic) to apply to ARD to avoid charges that had never existed." Plaintiff avers that the law enforcement Defendants along with the Defendant judges "created a process that was not designed as legal proceeding to make [it] appear real but was

not (sic)." Plaintiff alleges that after he was "kidnapped (sic)" at the airport, he was illegally arrested, stripped searched and confined in prison. Plaintiff avers that the Defendant Magisterial District Judges falsely approved of the criminal Complaint against him "without authority of law in Treason (sic)" set bail at $50,000, acted as a "Kangaroo Court" and sent him back to prison. Plaintiff further alleges that all of the Defendants involved in his arrest and transportation to and from prison as well as the Defendants who were supervisors at the prisons were part of the vast conspiracy to violate his constitutional rights and committed numerous crimes, including, but not limited to treason, extortion, terrorism, "hostage taking," forgery, racketeering, and kidnaping. (*See* Doc. 11, pp. 13-18).

Plaintiff alleges that his "Criminal History Criminal Record released on October 25, 2013[,] showed that his record of 2 misdemeanor was Expunge[d] on March 16, 2012[,] and that he never had ARD or Disposition and was expunge (sic) for unrelated matter." Plaintiff avers that the state court and the Defendant Judges committed extortion of him by making him pay $65,000 "for an ARD that never existed." Plaintiff further alleges that on November 28, 2011, Defendant Judge Ammerman of the Clearfield County Court issued a "false" and "fraudulent" Expungement Order to cover up the previous vast conspiracies between Defendants and Defendant Judges. (*Id.*, pp. 15 & 20).[4]

Thus, Plaintiff alleges that he had contract disputes with Defendants 16-19, and that these Defendants went to the PSP and wrongfully accused him of criminal conduct. Plaintiff

---

[4]We find that it is not possible to state herein all of the allegations and claims Plaintiff raises in his Amended Complaint. Also, as stated above, we find it very difficult to understand Plaintiff 's allegations.

states that Defendant PSP officers, in conspiracy with Defendants 16-19, then illegally arrested him in December 2008, and unlawfully prosecuted him over the contract disputes, and that the state court Defendants, including Defendant Judges, conspired with his unlawful prosecution. Plaintiff states that he was tricked into paying $65,000 "for an ARD that never existed" so that Defendants 16-19 could be compensated regarding their contract disputes with Plaintiff 's company. Plaintiff also names as Defendants his criminal defense counsel and alleges that they too were part of the conspiracy to arbitrarily abuse the judicial process and to maliciously prosecute him.

Plaintiff's claims in his present case are largely based on the claims which were dismissed by this Court in his prior cases, namely, *Boldrini v. Wilson*, Civil No. 11-1771, and *Boldrini v. Ponce*, Civil No. 10-2065.[5] In his present case, Plaintiff states that Defendant Judges, prosecutors, owners of the automobile companies and his Defendant defense attorneys conspired and "created a false impression of preliminary heading on [March 6, 2009]" "in order to extort from [Plaintiff] $65,000." (Doc. 11, p. 21).

In his prior case of *Boldrini v. Wilson*, Civil No. 11-1771, Plaintiff averred that he was unlawfully arrested by PSP officials and illegally incarcerated. In Plaintiff's Civil No. 11-1771 case, the criminal docket sheet from the Court of Common Pleas of Clearfield County, No. CP-17-CR-0000196-2009, indicated that in March 2010, Plaintiff was accepted into the ARD program regarding eight (8) third degree felony charges PSP Trooper Ponce filed against him.

---

[5]We note that while Plaintiff does not again name PSP trooper Ponce as a Defendant in his present case, he raises several allegations against Ponce in his Amended Complaint, Doc. 11.

According to the Plaintiff 's criminal docket sheet, he was accepted into the ARD program by Court Order dated March 8, 2010. Plaintiff received, in part, ARD probation of three years regarding the theft by deception and deceptive fraudulent business practices charges Trooper Ponce filed against him in Clearfield County, and he was ordered to pay restitution to his victims.

In his case of *Boldrini v. Wilson*, Civil No. 11-1771, this Court found Plaintiff's constitutional claims under §1983 were *Heck* barred and subject to dismissal.  Defendants in Plaintiff's case of *Boldrini v. Wilson*, Civil No. 11-1771, submitted a copy of Plaintiff's Clearfield County Criminal Docket CP-17-CR-0000196-2009, which provided that Plaintiff pled guilty, was sentenced, and was accepted to the Accelerated Rehabilitative Disposition ("ARD") program on March 16, 2010.  Defendants contended that Plaintiff "has not, and cannot show that the conviction or sentence was reversed, or declared invalid." (Doc. 18, p. 6, Doc. 8, Ex. 2).  The Court in *Boldrini v. Wilson*, Civil No. 11-1771, found that the ARD program was not a favorable termination under *Heck*, and therefore Plaintiff's claims under §1983 were *Heck* barred and subject to dismissal.

Even though Plaintiff filed an application for ARD regarding the criminal charges filed against him and he was accepted into the ARD program, he again attempts to claim in his present case that he was falsely arrested and maliciously prosecuted.  Plaintiff claims that his new evidence shows that the criminal charges filed against him in 2008 were expunged and that he never had ARD, and that Defendant Judge Ammerman "issued a False Expungement Order." (Doc. 11, p. 15).  Plaintiff avers that Defendants engage in a vast conspiracy to force him to pay

$65,000 to his alleged victims regarding the contract disputes.

As stated, Plaintiff's instant claims are closely related to the claims he raised in his previously filed cases with this Court, namely, *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa. and *Boldrini v. Ponce*, Civil No. 10-2065. In Plaintiff's more recent prior case, *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa., the Court adopted our R&R and dismissed Plaintiff 's constitutional claims with prejudice on December 26, 2012. Plaintiff filed several motions for reconsideration and for discovery which the Court denied. Plaintiff then filed an appeal regarding the dismissal of his Complaint in his prior Civil No. 11-1771 case with the Third Circuit Court of Appeals. The Third Circuit affirmed the dismissal of Plaintiff's Complaint in his Civil No. 11-1771 case on October 18, 2013. *See Boldrini v. Wilson*, — Fed.Appx.—, 2013 WL 5663874 (3d Cir. Oct. 18, 2013). Plaintiff then filed a Petition for Rehearing En Banc with the Third Circuit, and his Petition was denied on December 6, 2013. The Third Circuit issued a mandate on December 16, 2013.

In his Civil No. 11-1771 case, Plaintiff then filed a Motion for Relief from Judgment under Rule 60(b) with the District Court. Recently, on February 28, 2013, the District Court denied Plaintiff 's Motion for Relief from Judgment. (Docs. 133 & 134, *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa.). Plaintiff stated in his Doc. 8 Motion for Extension of Time to file his Amended Complaint in the present case, that he was preparing for Petition of Certiorari to the U.S. Supreme Court with respect to his case in *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa. (Doc. 8, ¶ 9).

Plaintiff filed his present Amended Complaint so that he could raise "[t]he information [he] obtained from the preparation of [his] related case [*Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa.]." (Doc. 8, ¶ 7). We find that in his present case, Plaintiff is trying to re-litigate many of his claims he raised in his prior cases, namely, *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa., and *Boldrini v. Ponce*, Civil No. 10-2065. Plaintiff believes that he has found new evidence so that he can re-litigate, in his present case, his claims he raised in prior cases, which are now time barred. As discussed, Plaintiff's so-called new evidence was already considered in his prior case, *Boldrini v. Wilson*, Civil No. 11-1771, and it did not justify a reversal of this Court's dismissal with prejudice of Plaintiff's constitutional claims in his Civil No. 11-1771 case.

As we advised Plaintiff in our Doc. 2 Memorandum, p. 4, filed in the present case, his claims raised in this action are clearly time barred. Plaintiff appears to believe that if he is successful in having his prior case, *Boldrini v. Wilson*, Civil No. 11-1771, overturned based on his new evidence consisting of his criminal record and a letter from the PA State Police Expungement Unit, and if he shows that the crimes with which he was charged are not listed in his criminal record and that he "never had ARD or any disposition or charged by any court," he will be able to proceed in his present case with his constitutional claims regarding the criminal cases filed against him, which were at issue in Plaintiff's prior cases. Thus, in his present case, similar to his Civil No. 11-1771 case, Plaintiff is again attacking the criminal cases filed against him and claiming that his constitutional rights were violated by any and all persons who had any involvement with his criminal prosecution.

As stated, in his Civil No. 11-1771 case, Plaintiff alleged that all of the Defendants were

involved with his malicious prosecution and conspired to create a false documentation that led to his arrest on false charges and that he was not guilty.[6]  In fact, in his original Complaint filed in the present case, Plaintiff stated that he was just filing a summary of his claims to toll the statute of limitations, seemingly until his new evidence could be considered by this Court in his Civil No. 11-1771 case. (Doc. 1, p. 11).  In any event, Plaintiff 's so-called new evidence has been considered by this Court and by the Third Circuit Court and, it has not lead to the dismissal of his Civil No. 11-1771 case being overturned.

As the District Court indicated in its recent February 28, 2014, Memorandum in Plaintiff's prior case, *Boldrini v. Wilson*, Civil No. 11-1771, Plaintiff presented his new evidence to the Third Circuit in his appeal of the dismissal of his case, and both his appeal and his Petition for Rehearing En Banc were denied.  Additionally, as the District Court stated in its February 28, 2014, Memorandum, Plaintiff already presented his "newly discovered evidence" in his appeal, as well as his allegations "of fraud and falsified documents" regarding his criminal prosecution. The so-called "newly discovered evidence" which Plaintiff presented in his  prior case, *Boldrini v. Wilson*, Civil No. 11-1771, is the new evidence to which Plaintiff is referring as the basis for his Complaints filed in his present case.  In any event, we find that all of

---

[6]As we noted in our R&R's filed in Plaintiff's Civil No. 10-2065  case and Plaintiff 's Civil No. 11-1771 case, Plaintiff averred that the County Court (seemingly in Clearfield, Pennsylvania) accepted him into the ARD program in March 2010, with respect to the criminal prosecution instituted against him by Defendants.  (Civil No. 10-2065, Doc. 1, p. 7, ¶ 15.). Also, in Plaintiff's Civil No. 11-1771, Defendants submitted a copy of Plaintiff's Clearfield County Criminal Docket CP-17-CR-0000196-2009, which proved that Plaintiff pled guilty, was sentenced, and was accepted to the Accelerated Rehabilitative Disposition ("ARD") program on March 16, 2010.  (Doc. 8, Ex. 2).

Plaintiff's constitutional claims raised in his present Amended Complaint are time barred.

Initially, insofar as Plaintiff states in his Amended Complaint that Defendants conspired to violate his due process rights under the Fifth Amendment, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See Leventry v. Watts,* 2007 WL 1469038, *2 (W.D. Pa. 5-17-07); *Hammond v. City of Wilkes-Barre*, 2012 WL 3542277, *4 (M.D. Pa. Aug. 14, 1012)(due process claim under Fifth Amendment only applies to federal actors)(citing *Caldwell v. Beard*, 324 F.Appx 186, 189 (3d Cir. 2009)).  Thus, Plaintiff's Fifth Amendment due process claims should be dismissed with prejudice from his Amended Complaint.  We find futility in allowing Plaintiff leave to file a Second Amended Complaint with respect to his Fifth Amendment claims since there is no federal actor Defendant. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

As mentioned, we also find that all of Plaintiff's instant claims are time barred.   We find that the 2-year statute of limitations expired with respect to the constitutional claims Plaintiff is raising against Defendants, in particular his claims relating to his December 2008 arrest and criminal prosecution. Plaintiff avers that Defendants engaged in conduct regarding the vast conspiracy to violate his constitutional rights with respect to the 2004-2005 criminal investigation and his 2008-2009 prosecution. As discussed above, we do not find that Plaintiff's so-called new evidence has tolled his statute of limitations. As mentioned, in his original Complaint filed in the present case, Plaintiff stated that he was just filing this pleading as a summary of his claims to toll the statute of limitations until his new evidence could be

considered by this Court in his Civil No. 11-1771 case. (Doc. 1, p. 11).  Plaintiff's new evidence

has now been considered by this Court and by the Third Circuit in his Civil No. 11-1771case,

and it did not justify a reversal of this Court's dismissal of the case with prejudice.   Thus, we

find that under res judicata, Plaintiff appears to be  now barred from trying to re-assert his

constitutional claims that he previously raised in his two prior cases, namely, *Boldrini v. Wilson*,

Civil No. 11-1771, M.D.Pa.,  and *Boldrini v. Ponce*, Civil No. 10-2065.[7]

Moreover, there is a 2-year statute of limitations with respect to a civil rights action in

Pennsylvania.  See *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989);

---

[7]We find that Plaintiff's claims in the present case as against all of his Defendants appear to be  barred by res judicata insofar as they are the same claims he instituted against many of these Defendants in his two prior cases, namely, *Boldrini v. Wilson*, Civil No. 11-1771, M.D.Pa., and *Boldrini v. Ponce*, Civil No. 10-2065.

In order for res judicata to apply, one factor is that Plaintiff's instant claims are based on his claims he raised against Defendants in his two prior federal cases he filed in this District Court.  *See Elkadrawy v. Vanguard Group, Inc.,* 584 F.3d 169, 172-173 (3d Cir. 2009)(citation omitted).  For res judicata to apply, the following elements must be found:
    (1) a final judgment on the merits in a prior suit; (2) involving the same parties or
    their privies; and (3) a subsequent suit based on the same cause of action.
*Id*. (citation omitted).

For collateral estoppel, or issue preclusion, to apply, under Pennsylvania law, the following elements are required:
    (1) the issue decided in the prior adjudication was identical to the one
    presented in the later action; (2) there was a final judgment on the merits;
    (3) the party against whom the plea is asserted was a party or in privity with
    a party to the prior adjudication; and (4) the party against whom it is asserted
    had a full and fair opportunity to litigate the issue in question in a prior action.

*James v. Heritage Valley Federal Credit Union*, 197 Fed. Appx. 102, 105 (3d Cir. 2006)(citation omitted).

*Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985); *Martin v. Red Lion Police Dept.*, Civil No. 00-16122, M.D. Pa. (October 26, 2004 Memorandum), pp. 5-6; *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *8 (M.D. Pa.). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered his injury or, in the exercise of reasonable diligence, should have discovered his injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994); *Beattie, supra*. It is abundantly clear in the present case, and readily apparent from Plaintiff's original Complaint and his Amended Complaint, that he discovered, or should have discovered, all of his constitutional claims regarding the conspiracy to violate his constitutional with respect his 2008 arrest and subsequent criminal prosecution during 2008 through 2009. (Doc. 11, pp. 16-20).

We find that the Court can *sua sponte* dismiss Plaintiff's stated constitutional claims which arose in 2004-2005 and continued through 2009 since his allegations in his original Complaint and in his Amended Complaint make clear that these claims are all time barred by the applicable two-year statute of limitations. *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10); *Barnett v. York County*, Civil No. 11-906, M.D. Pa.(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations).

In *McPherson v. U.S.*, 2010 WL 3446879, *3-*4, the Third Circuit stated:

Failure to exhaust and the statute of limitations are similar "in the abstract": they are both affirmative defenses. But, a court may nonetheless dismiss a suit for failing to state a claim when the limitations defense is obvious from the face of the complaint. We see no reason why a district court, when screening a

complaint pursuant to the PLRA, may not *sua sponte* dismiss a suit whose allegations make clear that the action is not timely. Indeed, other Courts of Appeals have recognized that dismissal under these circumstances is appropriate. *See, e.g., Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Nasim v. Warden, Maryland House of Corr.,* 64 F.3d 951, 956 (4th Cir.1995) (en banc); *Pino v. Ryan,* 49 F.3d 51, 53-54 (2d Cir.1995).FN4 We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A.

*See Robinson v. Varano,* Civil No. 10-2131, M.D. Pa.

Further, Plaintiff indicates in his Amended Complaint that it was filed, in part, under 18 U.S.C. §§241-242. (Doc. 11, p. 15). "Neither 18 U.S.C. §241 nor 18 U.S.C. §242 create a civil cause of action. *Padgett v. Bradford County Dist. Attorney's Office,* 2011 WL 1832993, *4 (M.D. Pa. April 13, 2011)(citing *Carpenter v. Ashby*, 351 Fed.Appx. 684, 688 (3d Cir. 2009)), adopted by 2011 WL 1812191(M.D. Pa. May 12, 2011). Thus, we find that Plaintiff's claims under 18 U.S.C. §§241-242 should be dismissed with prejudice.

Additionally, we do not find that Plaintiff has stated cognizable claims against any Defendants under §1985(3). Plaintiff avers that "[he] has been injured and deprived (sic) caused by the Defendants and seeking through this action pursuant to 42 U.S.C. §1985(3) to recover damages occasioned by such injury deprivation, against all the conspirators alleging that the Defendants committed intentional torts knowingly, recklessly with disregard of justice in conspiracy acting under color of law flatly violated the 5th, 14th Amendments ... ." (Doc. 11, p. 12, ¶ 43).

We find that Plaintiff's Amended Complaint, like his original Complaint, with respect to all of his constitutional claims, as well as his §1985(3) claims, is in violation of Rule 8.

20

Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted."); *Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *10 (E.D. Pa. 5-13-08).

The Court in *Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *10, stated:

> Our Court of Appeals has held that a conspiracy claim must be supported by factual allegations that are "sufficient to describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy." *Rose*, 871 F.2d at 366 (citation and internal quotations omitted). At a minimum, to comply with the standard under Rule 8(a), a complaint averring conspiracy must set forth "a valid legal theory and ... adequately state[ ] the conduct, time, place, and persons responsible." *Adams v. Teamsters Local 115*, 214 Fed. Appx. 167, 175 (3d Cir.2007) (citations and internal quotations omitted). Of course, "[a]greement is the sine qua non of a conspiracy," *Panayotides v. Rabenold*, 35 F.Supp.2d 411, 419 (E.D.Pa.1999) ( *citing Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D.Pa.1997)). A "mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *Loftus v. Se. Penn. Transp. Auth.*, 843 F.Supp. 981, 987 (E.D.Pa.1994); *Adams*, 214 Fed. Appx. at 175.

Plaintiff, in part, is basing his conspiracy claims under §1985(3). We find that Plaintiff 's conclusory allegations do not properly state conspiracy claims under §1985(3). Plaintiff does not sufficiently identify an objective of the conspiracy and, the time and place of the conspiracy. He does not specify the roles of his numerous Defendants (over 32 Defendants), and he does not sufficiently state that Defendants made any agreement to discriminate against him based on racial or some other

21

class-based invidiously discriminatory aniums.  *See Sung Tran v. Delavau, LLC*, 2008 WL 2051992, *11.

Thus, Plaintiff makes no allegations of a conspiratorial agreement or concerted effort among his

numerous Defendants.

In *Roach v. Marrow*, 2009 WL 3103781, *5 (M.D. Pa. 9-24-09), the Court stated:

> The requirements for establishing a cause of action under 42 U.S.C.
> § 1985(3) are set forth in a line of Supreme Court cases beginning with the
> decision in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d
> 338 (1971). There, the Supreme Court clarified that the reach of section 1985(3)
> is limited to private conspiracies predicated on "racial, or perhaps otherwise
> class based, invidiously discriminatory animus." *Id.* at 102, 91 S.Ct. at 1798.
> The Court strictly construed the requirement of class-based invidious
> animus in *United Brotherhood of Carpenters and Joiners of America, Local
> 610 v. Scott,* 436 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), finding
> that commercial and economic animus could not form the basis for a section
> 1985(3) claim.

> *Lake v. Arnold,* 112 F.3d 682, 685 (3d Cir.1997). Consistent with these
> decisions, a plaintiff must allege the following elements in order to state
> a claim pursuant to 42 U.S.C. § 1985(3):

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory
> animus designed to deprive, directly or indirectly, any person or class of persons
> to the equal protection of the laws; (3) an act in furtherance of the conspiracy;
> and (4) an injury to person or property or the deprivation of any right or
> privilege of a citizen of the United States.

*See also Farber v. City of Paterson* 440 F.3d 131, 134 (3d Cir. 2006).

Thus, "it is not enough that a Plaintiff falls within a class entitled to sue under §1985(3).  Instead,

the complaint must allege that Defendants have engaged in invidious discrimination against the

protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*,

2009 WL 3103781, *6(citing *Majewski v. Luzerne County*, 2007 WL 1074769 (M.D. Pa. 4-9-07);

*Goodson v. Maggi*, 2010 WL 1006901, *6("[M]ere conclusory allegations of deprivations of

constitutional rights are insufficient to state a §1985(3) claim.")(citation omitted); *Patterson v. City of Philadelphia*, 2009 WL 1259968, *4 (E.D. Pa. 5-1-09)("Animus against an individual is not sufficient; animus must be class-based.")(citations omitted).

We do not find that Plaintiff states that he falls within a class entitled to protection afforded by §1985(3).   Nor do we find that Plaintiff has alleged "Defendants have engaged in invidious discrimination against the protected class and that the invidious discrimination has caused the Plaintiff injury." *Roach v. Marrow*, 2009 WL 3103781, *6; *Padgett v. Bradford County Dist. Attorney's Office*, 2011 WL 1832993, *5.

Thus, we will recommend that Plaintiff's claims under §1985(3) be dismissed with prejudice. *See Sung Tran v. Delavau, supra*.[8]

We shall also recommend that Plaintiff's claims under §1985(2) be dismissed with prejudice since, as stated, Plaintiff has not alleged racial or other class-based, invidiously discriminatory claims. *See Davis v. Twp. of Hillside*, 190 F.3d 167, 171 (3d Cir. 1999); *Padgett v. Bradford County Dist. Attorney's Office,* 2011 WL 1832993, *5.

As discussed, we shall recommend that Plaintiff's Amended Complaint against all Defendants be dismissed with prejudice.  Based upon the above, we find that the Court should not afford Plaintiff a second opportunity to amend his pleading with respect to any  his  claims against Defendants since

---

[8]We also find futility of the Court in allowing Plaintiff to file a second amended pleading against Defendants with respect to his §1985(2) and (3) claims since these claims are subject to Pennsylvania's two-year statute of limitations for personal injury actions.  *See Reynolds v. Federal Bureau of Prison*, 2010 WL 281663, *3 (E.D. Pa. 7-15-10)(citing *Bougher v. Univ. of Pisttsburgh*, 882 F. 2d 74, 79 (3d Cir. 1989)).  We find that all of Plaintiff's constitutional claims as well as his §1985(2) and (3) claims against Defendants are time barred.

we find that it would be futile and unduly prejudicial to Defendants.  The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004); *see also Piazza v. Lakkis*, 2012 WL 2007112, *8 (M.D.Pa. June 05, 2012).

Accordingly, we will recommend that Plaintiff's entire Amended Complaint (Doc. 11) be dismissed with prejudice as against all Defendants.

IV.   **RECOMMENDATION.**

Based on the above, it is respectfully recommended that Plaintiff's "Emergency Motion" for a 2-day Extension of Time to file his Amended Complaint **(Doc. 10)** be **GRANTED.**   It is also recommended that Plaintiff Boldrini's Amended Complaint **(Doc. 11)** be **DISMISSED WITH PREJUDICE** in its entirety as against all Defendants.   Further, it is recommended that this case be **CLOSED**.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated:  April 10, 2014**

24

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | CIVIL ACTION NO. 3:13-CV-2896 |
| | : | |
| Plaintiff | : | Judge Caputo |
| | : | |
| v. | : | Magistrate Judge Blewitt |
| | : | |
| FREDERICK J. AMMERMAN, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 10, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with

instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

 

 

 

_____  **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

 

 

 

**Dated:  April 10, 2014**

_____