# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI,

          Plaintiff,

    v.

FREDERICK  J. AMMERMAN, *et al* .,

          Defendants.

CIVIL ACTION NO. 3: CV-13-2896

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

FILED
SCRANTON

NOV 2 6 2014

PER_____

DEPUTY CLERK

## BRIEF IN SUPPORT TO MOTION FOR RECONSIDERATION
## OF NOVEMBER 6, 2014 ORDER

**AND NOW,** Plaintiff Antonello Boldrini pro-se (here referred as to "Boldrini")

that filed on November 20, 2014 Motion For Reconsideration of  November 6, 2014

order by this District Court signed by  Hon. Judge R. Caputo, herein pursuant LR 7.10

mistaken / oversight to file the brief at same time he presented said Motion, respectfully

presents this 'Brief in Support Motion For Reconsideration....',  states the following:

1) On August 21, 2014 Honorable Judge Caputo (Doc.23) denied Boldrini's Motion

Nunc ProTunc for Leave to File Objection to Report & Recommendation (Doc.22).

2)  On September 22, 2014 Boldrini filed Notice of Appeal to the United States

Court of Appeal for the Third Circuit from the from said Order (Doc.23).

1

3)  On September 25, 2014 the 3d.Cir.Court of Appeal docketed Boldrini's appeal on the above captioned matter,  as case Number 14-3996, and instructed the Appellant to make payment of the docketing fees within 14 days or to file the Motion to Proceed In Forma Pauperis with the District Court (See: 3d.Cir.Court, Case:14-3996 Document 003111747851; Page: 1 Date Filed: 09/25/2014)

4)  On October 9, 2014, Boldrini filed by mail with the 3d.Cic.Court through the District Court pursuant the Federal Rule of Appeal Procedure (since paid filing fees) the Motion For Permission to Appeal In Forma Pauperis, docketed as October 10, 2014 (See: 3d.Cir.Court Case 3:13-cv-02896-ARC Doc. 28 Filed 10/10/14 Page 1—13).

5)  On October 21, 2014 the 3d. Cir. Court issued the order granted Boldrini's Motion For Permission to Appeal (proceed) In Forma Pauperis. (Exhibit #4) (See: Case: 14-3996 Document: 003111771771 Page: 1 Date Filed: 10/21/2014).

6)  On November 6, 2014 this District Court issue an Order where Judge Caputo Adopting Magistrate Judge Blewitt's Report and Recommendation (Doc.12) decided to dismiss the Amended Complaint  with prejudice (Doc.11)  and denied the Motion for leave to Appeal in Forma Pauperis (Doc.28).  (Exhibit #5)

7)  The purpose of Boldrini's Motion for Reconsideration is to correct manifest errors  of law AND is to correct fact AND to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the

2

following:"**an** intervening change in controlling law; the availability of **New evidence** that was not available when the court granted the motion for summary judgment; **OR** the need to correct a clear error of law **OR** fact **OR** to prevent manifest injustice." *Max's Seafood Café, by Lou–Ann, Inc.,v.Quinteros,*176 F.3d 669, 677(3d Cir. 1999).

## ISSUE FOR THIS ADDENDUM

The purpose of this Boldrini's Brief in Support to Motion for Reconsideration is to present newly discovered evidence pursuant *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), which the "availability was not available when the court granted the motion for summary judgment " on November 6, 2014 pursuant Magistrate Blewitt's Report and Recommendation of April 10, 2014 "for which the judgment may be altered or amended for the need to correct & clear error of law &fact &  to prevent manifest injustice" pursuant *Max's Seafood Café, by Lou–Ann, Inc.,v. Quinteros,*176 F.3d 669, 677 (3d Cir. 1999).

The new evidence  presented are herein contained on "Attachment "THREE that was available after October 2, 2014 that consists of letters / affidavit of the PSP RTKL that has been sent to Boldrini after he directly got in touch on March 24 , 2014  as for "Attachment  ONE", & all the PSP RTKL correspondence since April 8, 2014 through July 24, 2014 contained on the "Attachment ONE". The "Attachment A" and  "ONE" became valid  as to NEW evidence  only after "Attachment TWO" became available.

3

## Background

1. Plaintiff on November 27, 2013 filed this action 3-13-2896 with the United States District Court for the Middle District of Pennsylvania, pursuant the 42 USC 1985 for intentional tort caused by the (32) Defendants that in conspiracy knowingly, recklessly by maliciously abused the process by misapplied and misused Pa's judicial system as weapon and vehicle for extortion violated Boldrini's rights (Doc.1-1)(Doc.11; page 13) and the statute 18 U. S. Code  Sections #241; #242; #1201; #1202; #1203;  (Doc.11; page 15)  same court cases N. 3:10-2065 filed on October 05, 2010, and case  N. 3-11-1771 filed on September 23, 2011.

(See. Case 3:13-cv-02896-ARC Document 11 Filed 03/31/14 Page 1- through- 29)

2. However the District Court in re case 3:11-1771 (Doc. 63; 64) and this 3d.Cir. Court of Appeal Opinion in re case 13-1812, (Document: 003111424256) dismissed the case due to the  allegedly lack of favorable termination rules pursuant *Heck*,  and  in *Gilles* 427 F.3d at 209"  the 3d. Cir. Court and district court did not believed to Boldrini's presentation of :

> "what he called ***newly discovered evidence*** (re to Doc.78 exh.1; case 3-11-1771)
> — a copy of his criminal record (dated December 31, 2011) that does not list
> any of the felonies with which he was charged. Based on this evidence, he
> argued, in an apparent attempt to avoid the favorable-termination bar, that he
> had never been charged with any felonies or been through the ARD program."
> (3d.Cir. Opinion, page 5; of 13-1812, Doc: 003111424256)

4

Both Courts believed in Defendants' /Appellees' fabricated story and documentation which stated re-Boldrini that :1) allegedly has been  properly charged with 8 felonies; 2) allegedly Defendant Trooper Ponce duly filed a criminal complaint; 3) that allegedly was properly prosecuted by Clearfield, Union & Bradford counties DA's; 4) allegedly was placed on Clearfield Court ARD program; 5) allegedly acquiescently applied for the ARD;  6) allegedly  on March 8, 2010  Judge Ammerman Disposed that Boldrini be placed in the Accelerated Rehabilitative Disposition (ARD) program, and the trial court entered an order to that effect; 7) allegedly on November 9 (docketed on 28), 2011Judge Ammerman issued the alleged Expunged Order (Doc.21, case 3-11-1771) that made this 3d. Cir. Court decided the Opinion on Appellees' fabricated story, said:

"The Order (docketed on Nov. 28, 2011) of Expungement predates the criminal record (dated December 31, 2011) that Boldrini has submitted;  the fact that the records have, in fact, been expunged does not help Boldrini because "expungement under the ARD  program is not a result 'favorable' to the plaintiff." (Gilles, 427 F.3d at 209) ( 3d. Circ. Case 13-1812 (2013)  Opinion of  October 18, 2014 page 6).

Question Presented:

Whether a change in circumstances and a change in facts
and in law should grant the Reconsideration properly  ?

(Suggested answer –YES-)

5

Pursuant *Max's Seafood Café, by Lou–Ann, Inc.,v.Quinteros,*176 F.3d 669, 677(3d Cir. 1999) Reconsideration is appropriate for change of facts, circumstances and change of application of the laws, as following:

**ARGUMENT 1**. Changes' circumstances revealed by 10/25/2013 "Price's Affidavit", (referred as to 'newly discover evidence' "Price's Affidavit" Doc.119; case 3-13-1771) *(See: Case 3:13-cv-02896-ARC Doc. 1, Filed on 11 27 13, Pages 15-through-17)* and by the April 8, 2014 -through- October 2014 NEW PSP Right to Know Law "RTKL" affidavits. ( See: Attachment ONE and Attachment TWO)

IN the light of October 25, 2013 PSP Central Repository Expungement Unit affidavit signed by the Director, Operational Record Division Captain Scott C. Price "Price's Affidavit" (Doc.1) which is the Certified copy of what was "**All** Boldrini's Criminal History Record Information" pursuant 18 Pa. Cons.Stat. 9101-9183 at the time of the expungement on March 16, 2012, revealed that:

1) At contrary, Boldrini has never been charged with 8 felonies; (Doc.1; page 16) (Case 3:13-cv-02896-ARC Document 25-3 Filed 09/19/14 Page 57 of 57)

2) At contrary, Defendant Ponce has never filed a criminal complaint; (Doc.1; page 16)

3) At contrary, the Commonwealth of Pa. has never prosecuted or disposed Boldrini; (Doc.1; page 16) (Case: 14-2735 Doc: 03111771622 Page: 48, Filed: 10/21/2014)

4) At contrary, Clearfield County has never placed Boldrini on ARD program; (Doc.1; page 16) (See: Case: 14-2735 Doc.: 003111771622 Page: 48, Filed: 10/21/2014)

5) At contrary Boldrini has been coerced by his defense lawyers in conspiracy with Defendants and that on January 14, 2010 lawyer Moses hand wrote the application for the alleged ARD & made Boldrini agreed to pay in front $.20,000.00 (3:13-cv-2896-Doc.25-2; pp.1—10) and on October 2011Moses filing the alleged petition for expungement hide from Boldrini the "copy of his CHRI to be obtained from the PSP 60 days before filing the petition" pursuant Pa. Rules Of Crim. P. Rule 790 (3) (3:13-cv-02896- Doc.25-2 ; Exh.17, pages 22-through-31)

6) At contrary Judge Ammerman has never disposed Boldrini's ARD pursuant the Pa.Rules of Crim.P.;(Case: 3d.Cir. 14-2735 Doc.: 003111771622 Pages: 48, 49 Date Filed: on 10/21/2014);

7) At contrary Judge Ammerman alleged Expungement Order docketed on November 28, 2011 pursuant "Price's Affidavit" DID NOT expunged on March 16, 2012 all Boldrini's CHRI (that consisted only of a False Arrest) and that the PSP RTKL on October 2, 2014 certified that had never had a copy of said order other than the copy sent by Boldrini on March 24,2014 as for PSP RTKL 2014-0196 quote "PSP is simply returning to you a record you provided to PSP".(See: Case: 14-2735 Document: 003111771622, Page: 47 Filed: 10/21/2014).  Judge Ammerman' alleged Order of Expungement (Doc.21; case 3-11-1771) induced on October 18, 2013 this 3d. Cir. Court to apply the wrong law to affirmed *Gilles,* 427 F.3d at 209" (Opin.p.6) and so due Defendants action may apply *Rook v. Rook, 353 S.E. 2d 756 (Va. 1987)* quote:

7

"A void judgment is one that has been procured by extrinsic or collateral fraud, or entered by court that did not have jurisdiction over subject matter or the parties".

For this reason the Reconsideration should be granted.

**ARGUMENT  2.**   Related case is before this 3d.Cir.Court of Appeal N.14-2753.

Boldrini's case 3-11-1771 has been appealed as case 14- 2735 over the District Court

order (Doc.134) and Memorandum (Doc.133) that denied Boldrini's Motion (Doc.119)

for relief from judgment pursuant Rule 60(b)(2) "new evidence" represented by "Price

Affidavit" that the district court erroneously alleged was already been ruled by the 3d.

Cir. order of 12/ 06/ 2013 that denied Boldrini's Petition for Reconsideration en banc

filed on  November 5, 2013. At the contrary the 3d. Cir. Court certification in lieu of

mandate on 12/16/2014 stated:

> " This cause came to be considered on the record from the United States
> District Court for the Middle District of Pennsylvania and was submitted
> pursuant to Third Circuit LAR 34.1(a) on October 15, 2013"………. .
> (Case 3:11-cv-01771-ARC Document 118 Filed 12/16/13; Page 1 of 2)

Pursuant the 3d. Cir. Mandate of 12/16/ 2013 since "10/25/2013 Price Affidavit"

was filed first time on 11/05/2013 (3d.Cir., Case:13-1812  Doc.03111443755, Pages

6;7;8) And pursuant the 3d. Cir. Court  decision on *Bernheim v. Jacobs*, 144 F. App'x

218, 222 (3d.Cir. 2005) "a Rule 60(b)(2) motion based on matters that came to light

after the appellate court has issued a decision,…may be reviewed by the district court"

and for this reason the Reconsideration should be granted.

8

**ARGUMENT 3.**

This case 14-3996 is the key that support of the Appeal case14-2735 on the grounds

that Relief from Judgment pursuant Rule 60(b)(3)(4)(5)(6) should consent Boldrini to

consolidate both actions 3-13-cv-2896 & 3-11-cv-1771 pursuant 41 U. S. Code § 7107

(d), and in the light that has been proposed as part of the action 3-11-1771 (See: Docs.

47 & 57), and in the light of Defendants violation of 42 USC 1985(2) and in

re_Obstructing justice where the Defendants in **conspiracy intentionally**, recklessly,

maliciously abused due process for the purpose of impeding, hindering, obstructing,

defeated, fabricated, false evidence, perjury, and tampered with official record the due

course of justice with intent and denied Boldrini the equal protection of the laws, after

they injured him his business his family and his property and his reputation and

pursuant 42 U.S.C. 1985(3) Deprived Boldrini Alien Resident of rights and privileges

and conspired going in disguise on the highway and on the premises of Boltek, by

kidnapped him and kept him for three years in detention coerced by his lawyers for the

purpose of depriving, directly and indirectly, of the equal protection of the laws in

recovery damage, or after that Defendants injured in conspiracy, and now Boldrini that

whereby so injured and deprived request the court to have the affirmative approval to

bring the action for the recovery of damages occasioned by such injuries against any

one or more of the conspirators. In the light of and pursuant 42 USC 1985 the

Reconsideration should be granted.

## ARGUMENT 4.

The "Attachment TWO" became available after October 2, 2014  and this

case was already in appeal with the U. S. Court of Appeal for the Third Circuit since

September 25, 2014 N. 14-3996.  Boldrini interpreted no to file anything new  since

the appeal has been taken. When Hon. Judge Caputo has make the decision on

November 6, 2014 it was a surprise for the Plaintiff and so should be considered  a

sincere  mistake  for had presented not such information to the district court  and for

this reason should established  the "Attachment THREE" as new evidence pursuant

***Max's Seafood Café, by Lou–Ann, Inc.,v. Quinteros,***176 F.3d 669, 677(3d Cir.1999)

for which the "judgment may be altered or amended &the reconsideration be granted.

## ARGUMENT. 5

The conclusion and clues contained and revealed by the newly discovered

evidence  "Attachment TWO" give to  "Attachment A" and  "Attachment ONE" and

last "Attachment  Doc.100", a different meaning and interpretation making theme  also

as a new evidence in the light of the different scenario and are to be interpreted as deep

prove of intentional tort that has been committed by the Defendant recklessly against

Boldrini. What before was considered allegedly legal prosecution now in the light of

the "Attachment TWO" it is clear that at contrary it was more of intentionally abuse

and misuse of process; has been an intentional persecution pursuant 18 UFC# 241,242.

10

## ATTACHMENTS.

The "Attachments 100", (named so because it is 'Doc.100' on the case 3-11-1771), explain the involvement in the begin and the start of the conspiracy action started by the Defendants that as mob conducted intentionally continues torts actions against Boldrini by misuse the legal system and using the Commonwealth given power as weapon of mass destruction against the U. S. Constitution laws and against the citizen. Defendants used the pa judicial system to kidnapped and kept hostage Boldrini for ransom and then fabricated an alleged ARD program to cover themselves from a Boldrini's legal action.

The "Attachments A" is a list of Documents to prove step by step that Defendants acted in conspiracy, lied to the Federal Court, acted against the Pa.Rules of Crim.P., and all intentionally knew that Boldrini has never been charged, or disposed by a court, and that the alleged Expungement Order of Judge Ammerman was a fabricated order falsely produced to coerce Boldrini to believe that his CHRI was expunged from felonies that has never existed. Judge Ammerman knew at all time he acted without subject matter of jurisdiction and abused his position committing treason. The justice worst case scenario.

The " Attachment ONE" is the Boldrini's communication/ research with the PSP RTKL Right To Know Law office Mr. Rozier, that reveal that the PSP Trp. Defendant, filed a fabricated 'Incident Report'and then tampered with Boldrini's CHRI by reported a false arrest alleged dated October 7, 2008 that has never occurred, with intention to attempt to initiate a proceeding, in violation of 18 UFC 1512.

11

The "Attachment TWO" is a series (8) of requests by Boldrini and answers of Mr. Rozier from the PSP RTKL and affidavit stated that the PSP has and never had any information of Boldrini alleged charges for felonies nor alleged ARD nor possessed no expunged order to expunge alleged Boldrini CHRI from felonies. The Expunged order claimed by Defendant Ammerman has never existed with the PSP and it was fabricated.

## CONCLUSION.

Boldrini is ready to bring his action against the state Court also with the new evidence not available on February 27, 2013 when Clearfield County denied motion to vacate that had reach the Supreme Court of Pa on 11/06/2014 now in reconsideration.

Boldrini will file criminal charge against all the other defendants with the proper magisterial state court. Boldrini already filed criminal charge against 3 Defendants on last November 27, 2013 before the 8 years statute limitation for official misconducts.

WHEREFORE, Plaintiff Antonello Boldrini, pursuant the above reasons and others respectfully requests that this Motion for Reconsideration of November 6, 2014 Order be granted.

RESPECTFULLY SUBMITTED

_____                      November 26, 2014

Antonello Boldrini, Pro-Se,
81 Frothingham Street
Pittston Twp., PA. 18640
Ph. 570-504-5892;
boldriniantonello@yahoo.com

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI                    :            3:13-CV-2896
            v.                        :
FREDERICK  J. AMMERMAN, et, al.,      :        (3d.Cir. Court Appeal  14-3996)

BRIEF IN SUPPORT TO MOTION FOR RECONSIDERATION OF NOVEMBER 6, 2014 ORDER

## "ATTACHMENT A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI                    :            3:13-CV-2896
            v.                        :
FREDERICK  J. AMMERMAN, et, al.,      :        (3d.Cir. Court Appeal  14-3996)

BRIEF IN SUPPORT TO MOTION FOR RECONSIDERATION OF NOVEMBER 6, 2014 ORDER

## "ATTACHMENT  ONE"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI                    :            3:13-CV-2896
            v.                        :
FREDERICK  J. AMMERMAN, et, al.,      :        (3d.Cir. Court Appeal  14-3996)

BRIEF IN SUPPORT TO MOTION FOR RECONSIDERATION OF NOVEMBER 6, 2014 ORDER

## "ATTACHMENT  TWO"

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANTONELLO BOLDRINI                         :              **3:13-CV-2896**
              Plaintiff              :
                                            :
                    v.               :
FREDERICK  J. AMMERMAN, et, al.,      :              (3d.Cir. Court Appeal  14-3996)
              Defendants          :

_____

(BRIEF IN SUPPORT TO MOTION FOR
RECONSIDERATION OF NOVEMBER 6, 2014 ORDER)


# "ATTACHMENT  100"


(Page 1 of 100)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONELLO BOLDRINI                    :              **3:13-CV-2896**
                                      :
            Plaintiff                 :
                                      :
                 v.                   :
FREDERICK  J. AMMERMAN, et, al.,      :          (3d.Cir. Court Appeal  14-3996)
                                      :
            Defendants                :

---

## CERTIFICATE OF SERVICE

I, Antonello Boldrini, hereby certify that on this 26th day, of November 2014, a true and correct copy of the foregoing  BRIEF IN SUPPORT TO MOTION FOR RECONSIDERATION OF NOVEMBER 6, 2014 ORDER, and related Attachments "A", and "ONE", and "TWO", and "100" regarding the above captioned matter was filed by hand with the to the United States District Court For The Middle District of Pa and a copy was sent to the United States Court Of Appeal For The Third Circuit at the United States Courthouse  located at 601 Market Street, Philadelphia, Pennsylvania, by USPS Priority Package sent from Scranton, Pa post Office 18505 address to:

### OFFICE OF THE CLERK
United States Court Of Appeal
For The Third Circuit
21400 U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106

November 26, 2014

Antonello Boldrini, Pro-Se,
81 Frothingham Street
Pittston Twp., PA. 18640
Ph. 570-504-5892;
boldriniantonello@yahoo.com

15